**Reversed and Remanded and Memorandum Opinion filed July 15, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00933-CV

---

## TRANSPORTES DE ZIMA REAL S.A. DE C.V., Appellant

## V.

## GABRIEL LIZARRAGA, Appellee

---

**On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2009-80547**

---

### M E M O R A N D U M   O P I N I O N

In this personal-injury suit arising from a bus accident in Mexico, the defendant Mexican corporation challenges the trial court's denial of its special appearance. We conclude that the plaintiff did not allege facts bringing Transportes within the reach of the Texas long-arm statute, and although he responded to Transportes's special appearance with allegations and evidence intended to demonstrate the existence of specific jurisdiction, there is no substantial connection between those facts and the operative facts of the litigation.

We therefore reverse and remand the case with instructions to the trial court to dismiss the nonresident defendant and sever the claims against it from the remainder of the action.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Transportes Zima Real S.A. de C.V. ("Transportes") is a corporation organized and located in Mexico, where it owns buses and operates a passenger service wholly within Mexico. Its co-defendant, Zima Real Bus Line, L.L.C. ("Zima") is a company organized under Texas law that operates a passenger service in the United States using buses leased from Transportes. Under an International Interchange Service Agreement ("the Service Agreement") and an incorporated Lease Agreement, a driver employed by Transportes carries passengers on buses owned by Transportes from locations in Mexico to a point on the Mexican side of an international bridge between Laredo, Texas and Nuevo Laredo, Tamaulipas, Mexico. The driver then exits the bus, and a driver employed by Zima takes over, driving the bus across the border and to destinations in the United States. The Service Agreement provides that Transportes has exclusive use, possession, and control over the operations in Mexico, and Zima has exclusive use, possession, and control over the operations in the United States. By its terms, the Service Agreement is governed by the law of Mexico.

Plaintiff Gabriel Lizarraga was injured in a bus accident in Mexico, and pleading in the alternative, he sued both Zima and Transportes. He alleged in his pleading that Transportes is vicariously liable for the driver's negligent operation of the bus and is directly liable for its own negligence in hiring and training the driver; however, Lizarraga did not allege that any of these acts or omissions occurred in Texas. He does not allege that he bought the ticket in Texas, or that he was taking the bus to Texas; Lizarraga and the other plaintiff alleged only that

2

"they were passengers on the bus in question with a destination to Houston, Harris County, Texas and beyond."[1]

Transportes filed a special appearance supported with evidence that it is a corporation organized under the law of Mexico with no offices, employees, employee-recruitment activities, telephone listings, commercial listings, advertisements, bank accounts, real property, facilities, or operations in Texas. Lizarraga responded that Transportes nevertheless is subject to the trial court's exercise of specific jurisdiction. In support of this position, Lizarraga produced evidence, in addition to the Service Agreement and the Lease Agreement, that (a) Transportes's legal representative traveled to Houston to execute the Lease Agreement; (b) Zima has sold some tickets for Transportes for bus trips occurring within Mexico; and (c) Transportes has accepted checks drawn on Zima's Texas bank account as payment for the tickets.

The trial court denied Transportes's special appearance, and Transportes filed this interlocutory appeal. Because the jurisdictional facts are undisputed, we review the trial court's ruling as a question of law. *See All Star Enter., Inc. v. Buchanan*, 298 S.W.3d 404, 410 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

## II. SPECIFIC JURISDICTION

Texas courts may exercise personal jurisdiction over a nonresident defendant if the Texas long-arm statute authorizes it, and the exercise of personal jurisdiction comports with federal and state due-process guarantees. *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 149 (Tex. 2013). If the plaintiff fails to plead facts bringing the defendant within reach of the long-arm statute, then the defendant can negate jurisdiction by presenting evidence that it does not reside in

---

[1] The other plaintiff later non-suited his claims.

Texas.  *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658–59 (Tex. 2010). If the plaintiff does not present responsive evidence establishing the nonresident's link with Texas, then the trial court must dismiss the claims against it.  *See id.* at 660.

Lizarraga did not allege facts in its pleading bringing Transportes within the scope of the Texas long-arm statute.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.042 (West 2008) (providing that a nonresident does business in the state by committing a tort in Texas, recruiting Texas residents for employment, or contracting with a Texas resident where the contract is to be wholly or partially performed in Texas).[2]  Transportes filed a special appearance supported by the evidence described above, showing that it is a nonresident and conducts its business to avoid a presence in Texas.  *See Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005) (explaining that "a nonresident may purposefully avoid a particular jurisdiction by structuring its transactions so as neither to profit from the forum's laws nor be subject to its jurisdiction").  Lizarraga then argued that Transportes is subject to specific jurisdiction, and the issue appears to have been tried by consent of the parties.  *See All Star Enter.*, 298 S.W.3d at 412 (holding that an unpleaded basis for personal jurisdiction can be tried by consent).  We conclude, however, that Lizarraga's evidence fails to support specific jurisdiction.

A Texas court has specific jurisdiction over a nonresident "only if the alleged liability arises out of or is related to the defendant's activity within the forum."  *Moncrief Oil*, 414 S.W.3d at 156 (citing *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 573 (Tex. 2007)).  For such a link to exist, there must be a

---

[2] Lizarraga alleged only that Transportes entered into two contracts with resident Zima, but did not attach them to his pleading or allege anything about either contract's terms or place of performance.

substantial connection between the nonresident's Texas contacts and the operative facts of the litigation. *Moki Mac*, 221 S.W.3d at 585. To identify the operative facts of the litigation, we look to the plaintiff's allegations. *See id.*

Lizarraga alleges that Transportes was directly negligent or vicariously liable for its employees' negligence in causing the accident through the following acts or omissions:

- failing to obtain an application for [the driver's] employment;

- failing to train;

- failing to use initial and continuing background checks, medical exams, written exams, road tests, and driving records to confirm the competency of its employees;

- failing to keep a proper lookout;

- failing to timely and properly apply the brakes;

- operating the bus at an excessive speed under the circumstances;

- failing to maintain assured clear distance;

- operating the bus while inattentive or fatigued;

- failing to change lanes to avoid the collision; and

- failing to yield the right of way.

All of the plaintiff's allegations concern the driver's operation of the bus or Transportes's hiring, training, and testing of the driver. These facts occurred in Mexico where the accident occurred and where the driver was employed. The operative facts of the litigation therefore will be concerned with the questions of whether the bus driver exercised reasonable care on the day of the accident, and whether Transportes exercised reasonable care in hiring, training, and testing the

driver. *See id.* (where the plaintiffs sued a river-rafting outfitter for intentional and negligent misrepresentations and wrongful death after their minor son's fatal fall while on a hike under the defendant's supervision, the operative facts of the suit were those concerning the guides' conduct of the expedition and whether they exercised reasonable care); *Lamar v. Poncon*, 305 S.W.3d 130, 138 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (where Nicaraguan resort's driver crashed the car in which plaintiffs were being transported from the airport to the resort, their travel agency's assurances in Texas that the transportation would be safe was not substantially connected to the operative facts of the litigation).

Lizarraga also relies on evidence that Transportes's legal representative traveled to Houston to execute the Lease Agreement. The Lease Agreement is incorporated into the Service Agreement, and the latter provides that the Lease Agreement will only be effective while the leased buses are operating on the United States' side of the U.S.-Mexico border. The accident happened while the bus was still in Mexico; thus, the lease was not in effect at the time and place where the accident occurred. Transportes's travel to Houston to execute the lease therefore lacks a substantial connection to the operative facts of the litigation.

Lizarraga's remaining arguments and evidence in support of specific jurisdiction also are unavailing. Lizarraga contends that Zima sells some tickets for travel within Mexico. Because Zima operates in Texas, Lizarraga may have intended to imply that he bought his ticket from Zima in Texas for travel on Transportes's bus line in Mexico, but such an implication would be directly contrary to the only evidence on the subject. Lizarraga attached Transportes's answers to interrogatories to his special-appearance response, and in those discovery responses, Transportes stated, "Zima Bus Lines sells certain passenger tickets for use in the Mexican interior in Texas. . . . The tickets purchased by the

Plaintiff for the bus trip made [the] basis of this lawsuit were bought in Mexico." In a related argument, Lizarraga stated that when Zima paid Transportes for tickets for travel within Mexico, it used checks drawn on Zima's Texas bank account, and Transportes accepted the checks. We need not address the question of whether Zima's choice of payment method can be considered one of Transportes's contacts with Texas, because in any event, none of the checks pertain to this accident. All of the checks in the record were drafted after this suit was filed and notations on the memo lines of the checks indicate that they all concern travel months after the accident occurred. Ticket sales after the accident and payment for those tickets are not substantially connected to Lizarraga's claims that Transportes and its employee proximately caused the accident through their negligence. *See Grupo TMM, S.A.B. v. Perez*, 327 S.W.3d 357, 361–62 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (holding that the Texas court lacked specific jurisdiction over Mexican companies for a motor vehicle accident in Mexico where any negligence occurred in Mexico) (citing *Felch v. Transportes Lar-Mex S.A. de C.V.*, 92 F.3d 320, 324 (5th Cir. 1996)).

### III. CONCLUSION

We conclude that the trial court erred in denying Transportes's special appearance; thus, we reverse and remand the case with instructions to the trial court to dismiss Transportes and sever the claims against it from the remainder of the action.


/s/     Tracy Christopher
         Justice


Panel consists of Justices Christopher, Jamison, and McCally.

7